UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Carlos C. Jackson, | Case No. 2:25-cv-00976-MMD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Vensure HR, et al., | |
| Defendants. | |

Before the Court is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP"). ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Therefore, his request to proceed IFP will be granted.

As required by 28 U.S.C. § 1915(e)(2), the Court has screened Plaintiff's complaint, as detailed below. Given Plaintiff has failed to allege a plausible claim for relief, his complaint will be dismissed without prejudice and with leave to amend.

Plaintiff must closely review this screening order and file an amended complaint, if he wishes to proceed with this action, in accordance with the Court's instructions by July 12, 2025.

**I.     SCREENING STANDARD**

Upon granting a request to proceed IFP, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

1  dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of
2  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
3  2014) (quoting *Iqbal*, 556 U.S. at 678).
4        In considering whether the complaint is sufficient to state a claim, all allegations of
5  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
6  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
7  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
8  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
9  544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
10 Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
11 plaintiff should be given leave to amend the complaint with notice regarding the complaint's
12 deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).
13 **II.    ANALYSIS**
14       Under the Age Discrimination in Employment Act ("ADEA"), an employer may not
15 "refuse to hire . . . any individual [who is at least 40 years old] . . . because of such individual's
16 age." 29 U.S.C. § 623(a)(1). To prove age discrimination under a disparate-treatment theory, a
17 plaintiff has the burden to establish by a preponderance of the evidence (whether direct or
18 circumstantial) that the adverse employment action taken against him would not have occurred
19 had he been under 40 years old. *See Gross v. FBL Fin. Servs.*, 557 U.S. 167, 180 (2009). When
20 the plaintiff relies on circumstantial evidence to prove discriminatory motive, he must show that:
21 (1) he is a member of the class protected by the ADEA; (2) he was satisfactorily qualified for the
22 position for which he was applying; (3) he was not hired; and (4) the position was filled by a
23 substantially younger employee with equal or inferior qualifications. *See Shelley v. Geren*, 666
24 F3d 599, 607–08 (9th Cir. 2012); *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987)
25 (outlining the elements of an ADEA claim in a failure to hire case). In addition, the ADEA
26 requires that claims of age discrimination allege that age was the "but-for" cause of the
27 employer's adverse decision. *Geren*, 666 F.3d at 607.
28

1    Plaintiff has failed to properly plead a claim for age discrimination. First, Plaintiff does
2 not allege he is over 40 years of age. Plaintiff must also concisely allege the different facts giving
3 rise to the conclusion that he was qualified for the position for which he was applying. Moreover,
4 Plaintiff must also provide facts alleging that a younger employee with equal or inferior
5 qualifications got the position. Lastly, he must allege that—had it not been for his age—he would
6 have been offered the job. This Court will therefore dismiss Plaintiff's age-discrimination claim
7 with leave to amend.

8    Plaintiff is instructed that if he intends to file an amended complaint, the amended
9 complaint supersedes the original complaint and, thus, it must be complete by itself.  *See Hal*
10 *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("The fact
11 that a party was named in the original complaint is irrelevant; an amended pleading supersedes
12 the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that
13 for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a
14 subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must
15 contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this
16 lawsuit. Of note, there are several defendants included in the caption of this case, but Plaintiff
17 only alleges conduct against Mr. De Guzman. If he wishes to include other defendants, he must
18 allege what conduct these other defendants participated in giving rise to the claims.

19 **III.    CONCLUSION**

20    **IT IS ORDERED** that Plaintiff's Application to Proceed *in forma pauperis* (ECF No.1) is
21 **GRANTED**.

22    **IT IS FURTHER ORDERED** that the Clerk of Court detach and file the complaint at
23 ECF No. 1-1 on the docket.

24    **IT IS FURTHER ORDERED** that all of the claims in Plaintiff's complaint are dismissed
25 without prejudice and with leave to amend.

26 / /
27 / /
28 / /

**IT IS FURTHER ORDERED** that by **July 12, 2025,** Plaintiff must file an amended complaint consistent with the instructions in this Order. Failure to meet this deadline will result in a recommendation to the district judge that this case be dismissed without prejudice.

DATED: June 12, 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE